UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LORRANZ JOHNSON                    CIVIL ACTION NO. 12-cv-2661

VERSUS                             JUDGE FOOTE

TOWN OF COUSHATTA, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Lorranz Johnson ("Plaintiff"), represented by attorney Mark Frederick, filed this civil rights action against the Town of Coushatta and three town police officers. Plaintiff alleges that officers twice entered his home without proper authorization to take items that Plaintiff claims either were his separate property or belonged to the community that existed between him and his former spouse. Plaintiff claims he was deprived due process of law and his right to equal protection.

On May 28, 2013, before any evidence of service or an answer were filed, attorney Frederick filed a Motion to Withdraw (Doc. 2) on the basis that Plaintiff had not complied with the terms and conditions of his written contract with counsel. The court granted the Motion to Withdraw and permitted Plaintiff until July 1, 2013 to either enroll new counsel or file with the court a written statement that he intended to represent himself. The order warned that failure to take one of those steps by the deadline could result in the case being dismissed for failure to prosecute. A copy of the order was mailed to Plaintiff at the address provided by counsel in the Motion to Withdraw, and there has been no return of the mailing by the postal service.

The court has provided ample time and opportunity for Plaintiff to secure new counsel or indicate his intent to proceed without counsel. Plaintiff has not even informed the court that he wants to proceed with the case. It is unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the more serious requirements of the scheduling order and litigation in general. Proceeding further with this action is impossible without the participation of Plaintiff, and it would be a waste of time and resources for both the court and Defendants. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE